Swan, C. J.
The effect of perfecting an appeal to the district court is to render inoperative the judgment of the court of common pleas. The judgment is suspended, and no proceedings can be had under or by force of it after the appeal is actually taken. During the period which elapses between the rendition of the judgment and the filing of the appeal bond, the judgment creditor is entitled to execution, unless the same is stayed by the court on ^motion of the judgment debtor. Swan’s Rev. Stat. 718,“sec. 683. The suspension of the judgment, however, by filing the a}D-peal bond, necessarily suspends and puts an end to all proceedings by execution or otherwise on the judgment. Executions issued and executed by levy and sale of personal property, before appeal bond filed, would probably be effectual to pass property to purchasers • for the subsequent suspension of the judgment could not affect what had been before-done and completed under the execution. It is claimed in this case that the sale of the real estate under the execution was complete and perfect before the appeal bond was filed that the title passed by and at the time of the sale; and that the court should have proceeded to confirm the sale, and to order the sheriff to execute a deed to the purchaser, notwithstanding the judgment was then suspended by the appeal.
The title does not pass to the purchaser, the judgment creditor is not entitled to the purchase money, the sheriff has no authority to make a deed to the purchaser, the purchaser is not entitled to the possession of the land, until the court have judicially determined that the sale has been legally made, and have confirmed the sale and ordered the sheriff to make a deed. The proceedings under the execution are in fieri, and not perfected until the court have judicially acted upon it. The sale itself and the deed of the sheriff, although in every respect legal and in pursuance of law, pass no title to the purchaser, without the order of confirmation by the court. Curtis v. Norton, 1 Ohio, 278.
The order confirming the sale is an integral part of the proceedings under the execution and judgment to perfect the sale; and until made, the sale is not consummated, so as to entitle the purchaser to a conveyance, and to vest in him a title.-
The appeal having intervened and suspended the operation of the judgment and the proceedings under it, before the sale was rendered effectual by confirmation, and the '^confirmation being a material step under the execution, we are of opinion that the *504 court below did right in refusing to confirm*the sale, after the judgment was rendered inoperative and in effect vacated by the appeal.
It is said that the filing of the appeal bond being the act of the judgment debtor, this case comes within the general rule that a judgment debtor can not do anything after a sale to affect the rights of a purchaser. This general rule is undoubtedly correct, but it is, we think, inapplicable to this case. The law recognizes the right of the party to appeal, and provides for the effect of the appeal upon the judgment. The judgment creditor has a right to proceed to enforce his judgment notwithstanding the notice of appeal, but he does it subject to the right of the debtor to suspend, and in effect vacate the judgment, by perfecting an appeal; and a purchaser in such case may well be presumed to know of the notice of appeal entered with the judgment, and the rights of the judgment creditor to suspend proceedings on the judgment.

Order affirmed.

Brinkerhoee, Scott, Sutliee, and Peck, JJ., concurred.